## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | |
|---|---|
| **In re: Catherine M. Alan,**<br>　　　　　　　　　　**Debtor.** | **Bankruptcy No. 06-72472**<br>**Adversary No. 07-96015**<br>**Chapter 7**<br>**Judge Manuel Barbosa** |
| **Stephen G. Balsley, Chapter 7 trustee,**<br>**Plaintiff,**<br>**v.**<br>**Orix Financial Services, Inc.,**<br>**Defendant.** | |

### MEMORANDUM OPINION

This matter comes before the Court on two motions in limine filed by defendant creditor Orix Financial Services, Inc. ("Orix") and chapter 7 trustee Stephen G. Balsley ("Trustee") as Trustee, pursuant to Fed. R. Civ. P. 36 made applicable to these proceedings through Fed. R. Bankr. P. 7036, and 11 U.S.C. § 547, on October 20, 2008 and December 1, 2008 respectively. For the reasons set forth herein, the Court denies Orix's motion in limine and grants Trustee's motion in limine.

### JURISDICTION AND PROCEDURE

The Court has jurisdiction to decide these matters pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. They are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(A) and (F).

### FACTS AND BACKGROUND

This matter involves two motions in limine as to the scheduled December 12, 2008 trial on Trustee's complaint to avoid preferential transfer of $23,648.47 transferred to Orix at the closing of the sale of trust property within ninety days of the debtor ("Debtor") Catherine M. Alan's Chapter 7 bankruptcy proceeding. The factual and procedural history have previously

been recited in In re Alan, No. 07-96015, slip op. at 1-2 (Bankr. N.D. Ill. July 3, 2008).

In April 2007, Orix sent requests for admission to Trustee and Request Number 12 provides, "Orix has never received a transfer of an interest of the Debtor or Debtor's bankruptcy estate in the Trust." In an amended response on May 22, 2007, the Trustee stated:

> The Plaintiff admits that the Defendant, ORIX FINANCIAL SERVICES, INC. did not receive a transfer of an interest of the Debtor or the bankruptcy estate's interest in the Trust, but states that the Defendant did not receive an interest in the proceeds from the sale of the house held in such Trust.

[(emphasis added.)]

In an order dated July 3, 2008, the Court denied the Trustee's motion for summary judgment. Specifically, the Court held that the Trustee met four of the five requirements of 11 U.S.C. § 547(b) to avoid certain pre-bankruptcy transfers as "preferences," but the Court did not take judicial notice of the schedules to enable the Trustee to satisfy the final element under § 547(b)(5) to prove that the preferred creditor received more by virtue of receiving the preference payment than through the bankruptcy. The Court found that the subject property was held in trust and not by the debtor individually because "[i]f it wasn't, then the Property was titled in the Debtor's name and was clearly property of the estate. . . . [which] is not in Orix's favor." When Orix objected to the trust's authentication and contemporaneously asserted that the subject property was property of the estate, rather than the Debtor, as it was held in trust, the Court stated that "Orix cannot have it both ways" and implicitly held that the trust declaration at issue was properly authenticated. Moreover, the Court held that the trust was a traditional form of revocable trust, rather than a land trust because, under the trust terms, the Debtor is both the trustee and beneficiary of the trust and, under Article 10 of the trust, the trustee has the power to hold, manage, and sell the property of the trust, which is contrary to a land trust.

On October 20, 2008, Orix filed a motion in limine and asserted that the Trustee admitted that Orix never received a transfer of Debtor's interest in the trust when Trustee responded to Orix's request for admission in April 2007. On December 1, 2008, the Trustee filed a response and stated that this matter is barred under the law of the case doctrine.

On December 1, 2008, the Trustee filed a motion in limine to limit evidence at trial to only determine whether receipt of the transfer from Debtor's trust prior to the bankruptcy filing allowed it to receive more than it would have received had the transfer not been made and, thus, bar Orix from re-litigating any previously decided elements of Trustee's claim under the law of the case doctrine. On December 3, 2008, Orix filed a response asserting that the Trustee must authenticate the trust.

## DISCUSSION

The Court denies Orix's motion in limine and grants Trustee's motion in limine under the law of the case doctrine. "The doctrine of the law of case provides that 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" In re CMGT, Inc., 384 B.R. 497, 508 (Bankr. N.D. Ill. 2008) (quoting Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816, 108 S. Ct. 2166, 100 L. Ed. 2d 811 (1988)). Thus, a prior ruling with respect to the same issue and the same parties in the same case is conclusive. Id. at 509 (citing Butera v. Apfel, 173 F.3d 1049, 1053 (7th Cir. 1999)). The Court in its July 3 2008 order previously established that the trust has been authenticated and the elements of § 547(b)(1)-(4) have been met. Under § 547(b)(5), the remaining argument, which the Court does not address today, is the Trustee's burden to prove that the preferred creditor received more by virtue of receiving the preference payment than through the bankruptcy. Therefore, Orix's motion in limine will not be granted and the Trustee's motion in limine will be

denied on the basis of the law of the case doctrine.

## CONCLUSION

For the foregoing reasons, the Court the Court denies Orix's motion in limine and grants

Trustee's motion in limine.

THEREFORE, IT IS ORDERED that

the foregoing constitutes findings of fact and conclusions of law as required by Fed. R. Civ. P.

52(a) and Fed. R. Bankr. P. 7052.  A separate order shall be entered pursuant to Fed. R. Bankr. P.

9021 giving effect to the determinations reached herein.

DATE: December 10, 2008

Manuel Barbosa
United States Bankruptcy Judge